IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NRT TECHNOLOGY CORP. and NRT TECHNOLOGIES, INC., ) ) ) Plaintiff, ) ) ) v. ) ) EVERI HOLDINGS INC. and EVERI ) PAYMENTS INC., ) ) Defendants. ) | Civil Action No. 19-804-MN-SRF |

## MEMORANDUM OPINION

**I.  INTRODUCTION**

Presently before the court in this civil action alleging violations of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, is the motion for leave to amend the first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), filed by plaintiffs NRT Technology Corp. and NRT Technologies, Inc. ("Plaintiffs" or "NRT")). (D.I. 223)  For the following reasons, Plaintiffs' motion to amend is DENIED.[1]

**II.  BACKGROUND**

Plaintiffs filed this action against defendants Everi Holdings Inc. and Everi Payments Inc. ("Defendants" or "Everi") on April 30, 2019, alleging violations of Section 2 of the Sherman Act. (D.I. 1)  Before a responsive pleading was filed, Plaintiffs filed an amended complaint on July 15, 2019. (D.I. 7; D.I. 18, Ex. B)  The amended complaint includes *Walker Process* and sham litigation antitrust claims relating to prior patent litigation between the parties. (D.I. 7 at ¶¶ 50-60)  The *Walker Process* claim alleges that Defendants violated the Sherman Act by asserting

---

[1] The briefing and related filings associated with the pending motion are found at D.I. 239, D.I. 240, D.I. 256, and D.I. 257.

United States Patent No. 6,081,792 ("the '792 patent")[2] despite knowing that it was acquired through fraud. (*Id.* at ¶¶ 50-56) The sham litigation claim alleges that Defendants violated the Sherman Act by instituting sham litigation against Plaintiffs and others. (*Id.* at ¶¶ 57-60) Both counts are premised on Plaintiffs' contention that Defendants knew the '792 patent was invalid due to the prior public use of a kiosk that practiced the claimed method by Global Cash Access, Inc. ("GCA").[3] (*Id.* at ¶¶ 20-49)

Following a motion practice on the amended complaint, Defendants answered the amended pleading on October 23, 2020. (D.I. 55) The deadline to amend the pleadings expired on October 30, 2020. (D.I. 39 at ¶ 2) Plaintiffs served their first set of requests for production of documents in November 2020, and Defendants produced documents on a rolling basis beginning in March 2021. (D.I. 257 at ¶ 3) Plaintiffs served responses to Defendants' interrogatories and supplements thereto in January, April, June, July, and October of 2021. (*Id.* at ¶ 4) On July 26, 2021, Plaintiffs deposed witnesses Thomas D. McCarley and Jerry L. McCarley, who testified regarding the background and development of the technology found in GCA terminals. (*Id.* at ¶ 6) The depositions of Keith Boucher and Steven Johnson in September 2021 covered similar information. (*Id.* at ¶¶ 8, 10)

Plaintiffs filed the pending motion for leave to amend on September 15, 2021, nearly a year after the expiration of the deadline to amend pleadings, and two weeks before the close of fact discovery on October 1, 2021. (D.I. 223; D.I. 168) By way of their motion for leave to amend, Plaintiffs seek to add allegations regarding four prior art systems, i.e., casino cash

---

[2] The '792 patent generally describes and claims methods of providing money to an account holder at a terminal. Defendant Everi Payments Inc. is the current assignee of the '792 patent.
[3] Plaintiffs and Defendants are sellers of gaming kiosks, similar to ATMs, used by gambling casino patrons to access their funds. (D.I. 223, Ex. B at ¶ 14)

2

advance systems alleged to be in public use more than one year prior to the January 15, 2018 application for the '792 patent, and the inventors' knowledge and awareness of them. (D.I. 223 at ¶ 2; Ex. B at ¶¶ 21-41) Plaintiffs allege that these factual allegations were not discovered until after the first amended complaint was filed in July 2019. (*Id.*)

## III. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

If a party seeks leave to amend after a deadline imposed by the scheduling order, the court must apply Rule 16 of the Federal Rules of Civil Procedure. *See WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132-JJF, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). The focus of the good cause inquiry is on diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other

Rule 15 factors. *See Glaxosmithkline LLC v. Glenmark Pharms. Inc.*, C.A. No. 14-877-LPS-CJB, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016). Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading meets the Rule 15(a) standard. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).

## IV. DISCUSSION

Plaintiffs' motion for leave to amend the first amended complaint is denied. As the movants, Plaintiffs bear the burden of showing that they exercised diligence in seeking the proposed amendment under Rule 16(b)(4).[4] *See Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 371 (D. Del. 2009) ("The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."). But Plaintiffs' motion does not address the applicable good cause standard for motions to amend filed after the deadline to amend the pleadings in the scheduling order has passed. (D.I. 39 at ¶ 2; D.I. 223; D.I. 239 at 1; D.I. 256 at 1) Plaintiffs' arguments under the Rule 15(a)(2) standard do not apply unless and until good cause has been shown under Rule 16(b)(4) where, as here, the deadline for amended pleadings has expired. *See E. Minerals & Chems.*, 225 F.3d at 340.

In addition, the record before the court does not support a finding that Plaintiffs exercised diligence in seeking the proposed amendments. Plaintiffs represent that the proposed amendments are based on "recent discovery" that "includes [Plaintiffs'] supplemental answers to

---

[4] In their reply brief, Plaintiffs suggest that it was Defendants' responsibility to inform Plaintiffs of the proper legal standard during the meet and confer process prior to filing the motion. (D.I. 256 at 1 n.1, 8) It is not the job of counsel to provide legal advice to an opposing party. Rather, it is expected that practicing attorneys should be familiar with the Federal Rules of Civil Procedure. *See Okagbue-Ojekwe v. Fed. Bureau of Prisons*, 2010 WL 3947528, at *3 n.3 (D.N.J. Oct. 7, 2010).

4

[Defendants'] first set of interrogatories served on June 6, 2021, July 1, 2021, and July 20, 2021 and those documents, including documents produced by [Defendants], referenced therein." (D.I. 223 at ¶ 3 n.1) In their motion, Plaintiffs do not specify when they first obtained access to the documents cited in their own interrogatory responses. (*Id.*) The record indicates that the Everi documents cited in Plaintiffs' interrogatory responses were produced in March 2021. (D.I. 240 at ¶ 16; D.I. 257 at ¶ 3) The balance of the documents cited in Plaintiffs' interrogatory responses were produced by Plaintiffs themselves, and many were from publicly available sources. (*See, e.g.*, D.I. 240, Ex. B at 7-35; Exs. D-H) Plaintiffs undercut any suggestion that they acted with diligence in seeking leave to amend based on the production of these documents by acknowledging that they "voluntarily disclosed" these "very same details . . . in supplemental responses to Everi's interrogatories" served in June and July 2021, and that "Everi was apprised of these systems and NRT's theory throughout discovery." (D.I. 256 at 9)

Plaintiffs' arguments regarding the timing of the deposition discovery on the inventors' knowledge of the prior art systems are also unpersuasive. Plaintiffs unequivocally represent that "Everi was apprised of the[] systems and NRT's theory throughout discovery" as a result of Plaintiffs' amended responses to Defendants' interrogatories. (D.I. 256 at 9) These supplemental interrogatory responses were all served before any of the relevant depositions were taken, establishing that the substance of Plaintiffs' proposed amendments was fully developed and articulable prior to the deposition discovery. (*Compare* D.I. 240, Exs. A-C *with* D.I. 257 at ¶¶ 6, 8-10)

In their reply brief, Plaintiffs argue that "[t]he proposed SAC could not have reasonably been presented by the October 30, 2020" deadline because Defendants did not begin producing discovery until March 2021. (D.I. 256 at 3) This argument misconstrues the Rule 16(b)(4)

5

standard by suggesting that an inability to timely amend a pleading within the scheduling order deadline excuses a party from exercising diligence in seeking leave to amend outside of the deadline. Plaintiffs offer no explanation for the delay between Defendants' production of documents in March 2021 and Plaintiffs' submission of the motion to amend on September 15, 2021, two weeks before the close of fact discovery.[5] (D.I. 257 at ¶ 5) ("Documents cited in Everi's Opposition to NRT's Motion . . . were not produced by Everi until after October 30, 2020."). Defendants' delay in producing documents does not give Plaintiffs license to delay seeking leave to amend for an additional six months. *See Carrier Corp. v. Goodman Global, Inc.*, 49 F. Supp. 3d 430, 433 (D. Del. 2014) ("The timing of [the] motion, coupled with previously produced discovery and publicly available documents . . . negate the argument for good cause."). In this district, delays of this length are routinely found to be dilatory. *See Pfizer Inc. v. Sandoz Inc.*, C.A. No. 12-654-GMS-MPT, 2013 WL 5934635, at *3-4 (D. Del. Nov. 4, 2013) (finding lack of diligence where the defendant delayed in seeking leave to amend after having the documents in its possession for four months).

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend is DENIED. (D.I. 223) An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections

---

[5] Plaintiffs stress that their motion to amend was filed before the close of fact discovery, but this fact carries little weight because briefing on the motion was not complete in accordance with the Local Rules until fact discovery was closed, and the matter was not ripe for consideration by the court until briefing was complete. (D.I. 223 at ¶ 4)

within fourteen (14) days after being served with a copy of this Memorandum Opinion.  Fed. R. Civ. P. 72(a).  The objections and responses to the objections are limited to five (5) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: January 11, 2022

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE