IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NRT TECHNOLOGY CORP. and NRT TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-804 (MN) (SRF) |
| EVERI HOLDINGS INC. f/k/a Global Cash Access Holdings, Inc. and EVERI PAYMENTS INC. f/k/a Global Cash Access, Inc., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

At Wilmington this 23rd day of March 2022:

On January 11, 2022 Magistrate Judge Fallon issued a Memorandum Opinion ("the Opinion") (D.I. 274) and Order ("the Order") (D.I. 275) denying Plaintiffs' motion for leave to amend the first amended complaint (D.I. 223). On January 25, 2022, Plaintiffs filed objections to the Opinion and Order. (D.I. 276). On February 8, 2022, Defendants responded to the objections. (D.I. 282). For the reasons set forth below, Plaintiffs' objections are OVERRULED and the Opinion and Order are ADOPTED. Plaintiffs motion to amend is DENIED.

## I.    LEGAL STANDARD

Plaintiff did not address the standard of review for its current objections. A motion for leave to amend is a non-dispositive motion. *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998). Objections to a Magistrate Judge's ruling on a non-dispositive motion are subject to a "clearly erroneous and contrary to law" standard of review, pursuant to

28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure.[1]   Under a

"clearly erroneous" standard, the Court will only set aside findings when it is "left with the definite

and firm conviction that a mistake has been committed." *Green v. Fornario*, 486 F.3d 100, 104

(3d Cir. 2007) (internal quotation marks omitted).  A Magistrate Judge's order is contrary to law

only "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v.

Hartford Life & Accident Ins., Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006); *see also Eisai Co., Ltd. v.

Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009) ("[A] magistrate judge's decision

typically is entitled to deference . . . [while] a magistrate judge's legal conclusions on a non-

dispositive motion will be reviewed de novo . . . ." (internal quotation marks omitted)).

## II.   <u>DISCUSSION</u>

Plaintiffs object to the Opinion and Order, arguing that "leave to amend was improperly

denied given the law of the District, including a misapplication of that law in the Order."  Plaintiffs

state that "[t]he purpose of the [Second Amended Complaint] was not to introduce new theories

or causes of action . . . but to 'conform the record to evidence' and plead with further particularity

those facts" already set forth in the First Amended Complaint and that it timely moved to amend.

Pursuant to the Scheduling Order entered in this matter, the deadline to amend pleadings

was October 30, 2020.  (D.I. 39 ¶2).  Plaintiffs filed their motion for leave to amend on

September 15, 2021. (D.I. 223).  As the Report correctly sets forth, the Court must apply Rule 16

of the Federal Rules of Civil Procedure if a motion for leave to amend is filed after the deadline

set by the Scheduling Order.  (D.I. 274 at 3).  A court-ordered schedule "may be modified only for

---

[1]    The Court is aware that some motions for leave to amend are the subject of a Report and
Recommendation rather than a Order.  In those cases, it may be appropriate for the Court
to address the issues subject to objection *de novo*.  The Magistrate Judge here, however,
issued an Opinion and Order.

good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."  *Venetec Int'I v. Nexus Med,* 541 F. Supp. 2d 612,618 (D. Del. 2010).  The focus of the good cause inquiry is on diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other Rule 15 factors.  *See Glaxosmithkline LLC v. Glenmark Pharms. Inc.*, C.A. No. 14-877-LPS-CJB, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016).  Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading meets the Rule 15(a) standard.  *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330,340 (3d Cir. 2000).

After evaluating the evidence presented, Judge Fallon concluded "the record before the court does not support a finding that Plaintiffs exercised diligence in seeking the proposed amendments." (D.I. 274 at 4).  This finding is correct and is based on the correct legal standard: that Plaintiffs bear the burden of showing that they exercised diligence in seeking the proposed amended under Rule 16(b)(4), a standard that has been upheld by the Third Circuit.  *See, e.g.*, *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *see also Carrier Corp. v. Goodman Global, Inc.*, 49 F. Supp. 3d 430, 433 (D. Del. 2014); *Pfizer, Inc. v. Sandoz, Inc.*, 2013 WL 5934635, at *2 (D. Del. Nov. 4, 2013).  Judge Fallon recognized that Plaintiffs' proposed amendments are primarily based on documents that were produced by Plaintiffs themselves – many from publicly available sources – as well as documents produced by Everi in March 2021, six months before Plaintiffs filed their proposed amendments. (*Id.*).  She also noted that Plaintiffs served supplemental responses to Everi's interrogatories in June and July 2021 that disclosed the new theories Plaintiffs added to the proposed Second Amended Complaint ("SAC") several months later. (*Id.* at 5).  Delays of this length in this District are routinely found to be dilatory.

*See Pfizer Inc. v. Sandoz Inc.,* C.A. No. 12-654-GMS-MPT, 2013 WL 5934635, at *3-4 (D. Del. Nov. 4, 2013) (finding lack of diligence where the defendant delayed in seeking leave to amend after having the documents in its possession for four months).

Plaintiffs' objections provide no evidence that would allow the Court to find that Plaintiffs were diligent in submitting their proposed amendments. To justify their delay, Plaintiffs summarily refer to depositions that took place in September and October 2021, *see* D.I. 276 at 3, but they fail to explain why those depositions are relevant to the good-cause standard. As an initial matter, Plaintiffs' objections list nine depositions, which purport to provide information relevant to Plaintiffs' proposed SAC, even though six of these depositions occurred after Plaintiffs filed their motion for leave to amend. (*Compare* D.I. 223 (Plaintiffs' motion for leave to amend filed September 15, 2021), *with* D.I. 276 at 3 (listing six depositions conducted after that date). As for the three remaining depositions, Judge Fallon considered and rejected Plaintiffs' arguments that those depositions provided good cause for Plaintiffs' proposed amendments. (D.I. 274 at 5). Plaintiffs' objections do not identify any information from those depositions that was necessary to their amendments, and thus fail to show that Judge Fallon's conclusion was clearly erroneous.

Plaintiffs further assert in their objections that they were unwilling to amend their complaint absent sworn testimony. *See* D.I. 276 at 3. But this theory posits that their proposed new theories were reliable enough to include in interrogatory responses, but were not sufficiently reliable to include as allegations in a complaint. Nothing in the Federal Rules suggests that signed discovery responses are subject to a lower standard of reliability than allegations in a complaint. And as Judge Fallon explained, the interrogatory responses confirm that Plaintiffs were aware of their new factual allegations months before filing their proposed SAC. (*See* D.I. 274 at 5). Plaintiffs' failure to request leave earlier demonstrates their lack of diligence. (*See id.* at 4–5).

Finally, Plaintiffs argue that diligence is not required for amendments that "supplement the factual allegations" of a complaint or "conform the record to evidence." (D.I. 276 at 1-2). This assertion finds no support in the case law. Regardless of the purported purpose of their amendment, Plaintiffs must show diligence, and a desire to bolster inadequate pleadings with alleged additional factual support cannot make that showing. *See Perlman v. Universal Restoration Sys., Inc.*, 2013 WL 5278211, at *4 (E.D. Pa. Sept. 19, 2013) (rejecting plaintiff's request to amend theory of negligence to conform to the evidence); *Kristensen v. Credit Payment Servs., Inc.*, 2015 WL 13674161, at *4–5 (D. Nev. Feb. 24, 2015) (denying amendment to conform pleadings to evidence because the "good cause analysis under Rule 16 is not focused on the substance of the amendments").

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs NRT Technology Corp. and NRT Technologies, Inc.'s Objections to Judge Fallon's Order and Recommendation of January 11, 2022 (D.I. 276) are OVERRULED and the Memorandum Opinion (D.I. 274) and Order (D.I. 275) are ADOPTED. Plaintiffs' Motion for Leave to Amend NRT's First Amended Complaint Against Defendants Everi Holdings Inc. and Everi Payments Inc. (D.I. 223) is DENIED.

The Honorable Maryellen Noreika
United States District Judge