# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NRT TECHNOLOGY CORP. and | ) | |
| NRT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:19-cv-804 MN-SRF |
| | ) | |
| EVERI HOLDINGS INC. and | ) | |
| EVERI PAYMENTS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] JOINT PRETRIAL ORDER

Christina B. Vavala (No. 6135)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, DE  19801
(302) 252-0920
cvavala@polsinelli.com

*Of Counsel:*

Colby B. Springer
Miya Yusa
Melenie Van
**POLSINELLI LLP**
3 Embarcadero Center, Suite 2400
San Francisco, CA  94111
(415) 248-2100
cspringer@polsinelli.com
myusa@polsinelli.com
mvan@polsinelli.com

Daniel D. Owen
Elizabeth M. Marden
**POLSINELLI PC**
900 W. 48th Place, Suite 900
Kansas City, MO  64112
 (816) 753-1000
dowen@polsinelli.com
lmarden@polsinelli.com

Mark T. Deming
**POLSINELLI PC**
150 N. Riverside Plaza, Suite 3000
Chicago, IL  60606
 (312) 819-1900
mdeming@polsinelli.com

Jonathan R. Spivey
**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, TX  77002
(713) 374-1600
jspivey@polsinelli.com

*Counsel for Plaintiffs*
*NRT Technology Corp.*
*and NRT Technologies, Inc.*

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
**YOUNG CONAWAY STARGATT &**
**TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6000
apoff@ycst.com
pkraman@ycst.com
astombaugh@ycst.com

*Of Counsel:*

Ashley E. Bass
R. Jason Fowler
John S. Playforth
Brandon Gould
COVINGTON & BURLING LLP
One CityCenter
850 10th Street NW
Washington, DC  20001-4956
(202) 662-6000

Heng Gong
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
(212) 841-1000

*Counsel for Defendants Everi Holdings Inc.*
*and Everi Payments Inc.*

# TABLE OF CONTENTS

I.      Nature of the Action and Pleadings ......................................................................... 5

II.     Statutory Basis of Federal Jurisdiction .................................................................. 8

III.    Facts ....................................................................................................................... 9

    A.      Uncontested Facts ....................................................................................... 9

    B.      Contested Facts ............................................................................................ 9

IV.     Statement of Issues of Law and Statements of Intended Proofs ........................ 11

V.      Exhibits and Demonstratives .............................................................................. 12

    A.      Exhibits ..................................................................................................... 12

    B.      Demonstratives ......................................................................................... 14

    C.      Exhibits and Demonstratives for Opening Statements ........................... 15

    D.      Exhibits and Demonstratives for Direct Examination ........................... 16

VI.     Witnesses ............................................................................................................. 16

    A.      Live Witnesses ........................................................................................... 18

    B.      Deposition Designations ........................................................................... 20

VII.    Statement of Counterclaimants or Cross-Claimants ......................................... 23

VIII.   Amendments to the Pleadings ............................................................................ 23

IX.     Good Faith Effort to Explore Settlement ........................................................... 23

X.      Other Matters ...................................................................................................... 24

    A.      Pending *In Limine* Motions ...................................................................... 24

    B.      Mode and Order of Presentation .............................................................. 24

    C.      Expert Testimony ...................................................................................... 25

    D.      Other Stipulations ..................................................................................... 25

    E.      Expected Duration of Trial ....................................................................... 25

F.      Voir Dire, Jury Instructions, Verdict Forms, and Jury Selection.......................... 26

G.      Service of Documents ............................................................................................. 26

H.      Courtroom Access .................................................................................................... 27

XI.     Order to Control the Court of Action ............................................................................. 27

Plaintiffs NRT Technology Corp. and NRT Technologies, Inc. ("NRT") and Defendants Everi Holdings Inc. and Everi Payments Inc. ("Everi") jointly submit this proposed Pretrial Order pursuant to D. Del. L.R. 16.3, Judge Noreika's Preferences and Procedures dated September 9, 2019, and Standing Order dated October 22, 2021.  On September 19, 2022 at 4:30 p.m., counsel for NRT and Everi will participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.3, and this Court's September 1, 2020 Scheduling Order (D.I. 39) as amended by the Court's July 26, 2021 and December 29, 2021 minute orders.  The following matters as to the trial commencing on September 26, 2022 are hereby ordered by the Court.

## I.       NATURE OF THE ACTION AND PLEADINGS

1.       NRT filed this action on April 30, 2019 alleging violations of Section 2 of the Sherman Act (15 U.S.C. § 2).  (D.I. 1).  NRT filed a first amended complaint on July 15, 2019 alleging the same Section 2 violations.  (D.I. 7).

2.       NRT alleges that one or more persons substantially involved in the preparation and/or prosecution of the patent application that became U.S. Patent Number 6,081,792 (the "'792 Patent") withheld material information from the United States Patent and Trademark Office ("U.S. Patent Office").  (*See, e.g.,* D.I. 7 at ¶¶ 51, 52).  NRT alleges that these persons included the named inventors of the '792 Patent—Robert P. Cucinotta and Karim Maskatiya.  (*See, e.g.,* D.I. 7 at ¶¶ 23, 24, 26, 27, 31, 53).  NRT further alleges that Messrs. Cucinotta and Maskatiya are the co-founders of Everi and/or its predecessors in interest.  (*See, e.g.,* D.I. 7 at ¶¶ 23, 26, 31, 53).  NRT alleges that the material information withheld from the U.S. Patent Office, including a prior art system offered by Everi and its predecessors, was withheld with the intent to deceive and to obtain

a patent that would not otherwise have issued.  (*See, e.g.,* D.I. 7 at ¶¶ 2(a), 12, 18, 20, 21, 24, 26, 31, 32, 53, 54).

3.     NRT alleges that Everi wrongfully, knowingly, and intentionally enforced the fraudulently procured '792 Patent.  (*See, e.g.,* D.I. 7 at ¶¶ 2(a), 12, 18, 19, 23, 27, 28, 30, 34-36, 43, 47, 54, 55).  NRT alleges that the '792 Patent—despite its invalidity and unenforceability— was asserted or threatened to be asserted against NRT and other competitors for the purpose and with the effect of substantially lessening competition.  (*See, e.g.,* D.I. 7 at ¶¶ 2(b), 4, 19, 27-30, 33, 36-42, 44-45, 47, 49, 54, 55, 58-60).  NRT alleges that Everi sought to create a restraint in trade and maintain significant and durable market power in the relevant U.S. market for unmanned, integrated kiosks and related software services that provide or make available cash access services to casino patrons on gaming facility floors.  (*See, e.g.,* D.I. 7 at ¶¶ 2(b), 2(c), 14-17, 27, 28, 30, 32, 35, 42, 45-49, 55, 58, 59).  NRT alleges that the foregoing constitutes a *Walker Process* violation subject to redress under the Sherman Act.  (*See, e.g.,* D.I. 7 at ¶ 50 *et seq.*).

4.     NRT also alleges that Everi asserted the '792 Patent on objectively baseless theories of infringement as well as (in)validity.  (*See, e.g.,* D.I. 7 at ¶ 2(b), 19, 28, 29, 35, 36, 44, 59).  NRT alleges that through Everi's frivolous and vexatious patent litigation made on objectively baseless claims it sought to interfere with and adversely affect the business operations of competitors such as NRT.  (*See, e.g.,* D.I. 7 at ¶¶ 2(b), 36, 39, 41, 42, 45, 58, 59).  NRT alleges that these predatory and anticompetitive acts were undertaken to unlawfully obtain, increase, and/or maintain significant and durable monopoly market power in the U.S. market for unmanned, integrated kiosks and related software services that provide or make available cash access services to casino patrons on gaming facility floors.  (*See, e.g.,* D.I. 7 at ¶¶ 2(b), 2(c), 14-17, 27, 28, 30, 32, 35, 42,

45-49, 55, 58, 59).  NRT alleges that the foregoing constitutes sham litigation actionable under the Sherman Act.  (D.I. 7 at ¶ 57 *et seq.*).

5.      On September 17, 2019, Everi sought to dismiss the First Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  (D.I. 12).  Everi argued that: (i) NRT failed to properly serve the complaint in accordance with Rule 4(m); (ii) NRT's antitrust claims were barred under Rule 13(a); and (iii) NRT's claims were barred by *Noerr-Pennington* immunity.  Everi further argued that NRT's *Walker Process* and sham litigation claims failed because NRT did not allege: (i) monopoly power in a properly defined market, (ii) that Everi harmed competition in that market, and (iii) that NRT suffered an antitrust injury.

6.      Magistrate Judge Hall heard oral argument on June 5, 2020 following briefing by the parties.  Judge Hall then issued an oral recommendation that Everi's motion to dismiss be denied on all grounds.  Judge Hall subsequently issued a June 19, 2020 written report and recommendation denying the motion in accordance with her prior oral recommendation.  (D.I. 34). Judge Hall recommended finding service under Rule 4(m) satisfied, no compulsory counterclaim under Rule 13, and that the cause was adequately pled as to each of *Walker Process*, sham litigation, and *Noerr-Pennington* immunity.

7.      Everi objected to Judge Hall's report and recommendation on June 19, 2020.  (D.I. 35).  The Court denied those objections on September 25, 2020 and adopted the report and recommendation as its order.  (D.I. 46).  Everi answered NRT's First Amended Complaint on October 23, 2020 (D.I. 55).

8.      Everi's answer to the First Amended Complaint denied much of the allegations and declined to respond to what it deemed legal conclusions and characterizations that did not require a response.  Specifically, Everi denied the factual allegations pled by NRT in support of NRT's

claims that: (a) Everi, its predecessors, and/or the inventors of the '792 Patent withheld material information with the intent to deceive the U.S. Patent Office, resulting in the issuance of the '792 Patent; (b) that Everi asserted or threatened to assert the '792 Patent with knowledge of its alleged invalidity, unenforceability, and/or non-infringement; and (c) that Everi possessed or had a dangerous probability of possessing monopoly power in a properly defined relevant antitrust market.  Everi's answer also pled thirteen affirmative defenses, including: *Noerr-Pennington* immunity; bar by the statute of limitations, waiver, estoppel, laches, res judicada, claim preclusion, and issue preclusion; absence of antitrust injury, standing, and/or damages (and failure to the mitigation thereof); and failure to adequately allege a relevant antitrust market.

9.     NRT seeks judgment that Everi's acts constitute acts of patent misuse, sham litigation, monopolization, and attempts to monopolize in violation of Section 2 of the Sherman Antitrust Act.  (D.I. 7 at Prayer for Relief (A)).  NRT seeks judgment that each of these violations injured Plaintiffs' businesses and property and competition itself in the relevant U.S. market.  (D.I. 7 at Prayer for Relief (B)).  NRT seeks threefold the damages sustained and the cost of the suit required under 15 U.S.C. § 5 in addition to any other relief the Court deems proper.  (D.I. 7 at Prayer for Relief (C, D)).

10.     Everi seeks judgment dismissing NRT's claims on the merits in their entirety and with prejudice.  Everi also seeks any relief the Court deems proper, including costs and reasonable legal fees.

## II.     STATUTORY BASIS OF FEDERAL JURISDICTION

11.     This action arises under the antitrust and patent laws of the United States of America.  This includes Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2), Sections 4 and 16 of the Clayton Antitrust Act (15 U.S.C. §§ 15, 15a, 26), and the United States Patent Act (35 U.S.C. § 102-103).  This action further involves Section 1.56 of Title 37 of the Code of Federal

Regulations.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 4, 15, 26, and 1121 and 28 U.S.C. §§ 1331, 1337, and 1338.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2), (c)(2), and (d); and 15 U.S.C. §§ 15 and 26.

13.     This Court has personal jurisdiction over the parties under 15 U.S.C. § 22; 28 U.S.C. § 1391(b), (c), and (d); the long-arm statutes of the State of Delaware; and the Due Process Clause of the United States Constitution.  Defendants are each organized and existing under the laws of the State of Delaware.

## III.    FACTS

### A.    Uncontested Facts

14.     Attached as **Exhibit 1** are facts that are: (a) not disputed, (b) have been agreed to, or (c) stipulated to by the parties, and thus require no proof at trial.  The facts set forth in **Exhibit 1** are part of the evidentiary record in the case.  Subject to the Court's approval, either party, with prior notice to the other party, may read any of the uncontested facts to the Court or jury so long as the entirety of the fact is read (*i.e.*, the entire numbered paragraph).  The party reading the fact will be charged for the time used to do so.

### B.    Contested Facts

15.     NRT's statement of contested facts that remain to be litigated is set forth in **Exhibit 2**.

16.     **[Everi's Objections:** Everi objects to NRT's statement of contested facts to the extent that it purports to raise issues that the Court has expressly precluded NRT from raising at trial.  At the status conference on August 19, 2022, the Court stated that NRT's trial presentation would be limited to the Global Cash Access system because that was the only prior art that NRT had pleaded in the operative First Amended Complaint.  *See* 8/19/2022 Hr'g Tr. at 7.  Despite the

Court's ruling, NRT's statement of contested facts continues to reference prior-art systems other than the Global Cash Access system, as well as theories of alleged fraud that are not pleaded in the First Amended Complaint (e.g., improper inventorship).  In addition, NRT seeks to present new and inconsistent claim-construction arguments guised as "contested facts."  Specifically, NRT argues sham-litigation, among other reasons, because Everi allegedly "believed that requiring the user to swipe a card a second time to initiate a second transaction avoided infringement of the '792 Patent," and sued NRT anyway.  The claims of the '792 Patent, however, say nothing about requiring (or not requiring) a second swipe, and in any event the scope of the claims is a question of law.  Notably, neither NRT nor its expert Dr. Shamos argued this in the prior patent litigations.  In addition, NRT argues that the scope of the '792 Patent claims include devices, like the Global Cash Access system, which do not "ask[] the account-holder if they would like to request the money or item of value via a second type of transaction," but instead merely return to the home screen after a transaction is denied.  Based on this assertion relating to claim scope, NRT argues that the patent was procured fraudulently because the Global Cash Access system was allegedly not disclosed.  This, too, is a question of claim construction, which is a question of law.  And like the re-swipe issue mentioned above, this was never raised by NRT or its expert in the prior patent litigations.]

17.     Everi's statement of contested facts that remain to be litigated is set forth in **Exhibit 3**.

18.     The parties reserve the right to modify or supplement their respective statements of contested facts that remain to be litigated to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

### IV.     STATEMENT OF ISSUES OF LAW AND STATEMENTS OF INTENDED PROOFS

19.     NRT's statement of the issues of law that remain to be litigated is attached as **Exhibit 4A**.  A statement of what NRT intends to prove in support of NRT's claims is set forth in **Exhibit 4B**.

20.     **[Everi's Objections:** Everi objects to NRT's statements of law and proof to the extent that they purport to raise issues that the Court has expressly precluded NRT from raising at trial.  At the status conference on August 19, 2022, the Court stated that NRT's trial presentation would be limited to the Global Cash Access system because that was the only prior art it had pleaded in the operative First Amended Complaint.  *See* 8/19/2022 Hr'g Tr. at 7. Despite the Court's ruling, NRT's statements of law and proof continue to reference prior-art systems other than the Global Cash Access system, as well as theories of alleged fraud that are not pleaded in the First Amended Complaint (e.g., improper inventorship).  Relatedly, NRT's statement of law provides citations of legal authority for inventorship and obviousness, despite the fact that the Court struck NRT's expert's opinions relating to those issues as untimely.  *See* 3/7/2022 Hr'g Tr. at 33–38.]

21.     Everi's statement of the issues of law that remain to be litigated is attached as **Exhibit 5A**.  A statement of what Everi intends to prove in support of Everi's affirmative defenses is set forth in **Exhibit 5B**.

22.     Should the Court determine that any issue of law is more properly identified as an issue of fact, it should be so considered.  The parties reserve the right to modify or supplement their respective statements based on any further decisions or orders of the Court.  Pursuant to Local Rule 16.3, the parties have included exemplary citation to authority relied upon by each party.  No citation is meant to suggest the exclusivity of the authority in support of the legal proposition.  The

parties reserve all rights to challenge the propositions and legal authority cited in the respective party's statement.

## V.    EXHIBITS AND DEMONSTRATIVES

### A.    Exhibits

23.    The parties agree that certain documents (subject to agreement on representative, legible, and complete copies) shall be marked as joint exhibits for purposes of trial.  Joint trial exhibits are identified with JTX numbers, starting with JTX-1.  The joint exhibit list is attached as **Exhibit 6**.  Only the joint exhibits used at trial and moved into evidence without objection, or over a party's objection, may be admitted into evidence.  The presence of an exhibit on the joint exhibit list is not an admission that the exhibit is admissible, and the parties expressly reserve the right to object to admission of any exhibit on the joint exhibit list.  The parties may agree on additional joint exhibits and will identify those exhibits pursuant to this Order.

24.    NRT's list of exhibits (including physical / tangible exhibits that it may offer at trial), except demonstratives and exhibits used solely for impeachment, is attached as **Exhibit 7**. NRT has identified its exhibits with PTX numbers, starting with PTX-1.  **Exhibit 7** also includes Everi's objections to NRT's trial exhibits.

25.    Everi's list of exhibits (including physical / tangible exhibits that it may offer at trial), except demonstratives and exhibits used solely for impeachment, is attached as **Exhibit 8**. Everi has identified its exhibits with DTX numbers, starting with DTX-1.  **Exhibit 8** also includes NRT's objections to Everi's trial exhibits.

26.    The parties' exhibit lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit (*e.g.*, production number, deposition exhibit number, or otherwise).  The parties agree that the description of documents on their respective exhibit lists

is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

27.    This order contains the parties' good-faith efforts to identify the exhibits to be used at trial, except for demonstratives and exhibits to be used solely for impeachment, as well as all objections to the admission of such exhibits.  Subject to the remaining provisions of this Order, no party may add to its exhibit list or offer into evidence at trial an exhibit not present on its list, absent agreement of the parties or order of the Court upon good cause shown.

28.    Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections (which may be raised at trial).  Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission.

29.    The listing of a trial exhibit does not constitute an admission as to the admissibility of the trial exhibit (*i.e.*, a waiver of any applicable objection).  The parties agree that if either party removes or otherwise withdraws an exhibit from its exhibit list, the other party may amend its exhibit list at any time to include that same exhibit without leave of Court.  The parties also agree that the other party may thereafter make objections to such exhibit, other than an objection based on untimely listing.

30.    Exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.  Exhibits used solely for impeachment and not included on an exhibit list may not be admitted into evidence absent leave of Court.

31.    Legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.  Legible copies of

United States patents, patent applications, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

32.     **[NRT's Proposed Addition:** Documents and e-mails produced from a party's files or website are considered as authenticated and not hearsay at least pursuant to Fed. R. Evid. 801(d)(2), 803(6), 901(b)(4), and 902(11).][1]

### B.     Demonstratives

33.     The term "demonstratives" includes power-points, graphics, animations, and physical demonstratives, but does not include scans of exhibits or transcripts in which there are not call outs, highlighting, emphasis, characterization, or argument.  The parties are not required to exchange copies of demonstratives to be used only during cross-examination.  Exchanged demonstratives may not be used by the opposing party before being used by the disclosing party.

34.     The parties agree that the demonstratives that the parties intend to use at trial are not required to be included on their respective exhibit lists that are part of this Final Pretrial Order.

35.     NRT's demonstratives will be identified with PDX numbers, starting with PDX-1.

36.     Everi's demonstratives will be identified with DDX numbers, starting with DDX-1.

37.     The party seeking to use a demonstrative in connection with its opening statement or its direct examination of a witness will provide a color representation of the demonstrative to

---

[1] **NRT's Position:** NRT asserts that it is appropriate to consider documents and e-mails produced from a party's files or website as authenticated and not hearsay at least pursuant to Fed. R. Evid. 801(d)(2), 803(6), 901(b)(4), and 902(11).  Any remaining objections by Everi based on third-party hearsay may be raised on a case-by-case basis.

**Everi's Position:** Everi believes that it is inappropriate to deem documents "authenticated and not hearsay" on a blanket basis without reference to the content of the documents and that such objections should be handled on a case-by-case basis.

the other side in PDF or PPT form.  For video or animations, the party seeking to use the demonstrative will provide it to the other side in an appropriate electronic format to view the video or animation.  For irregularly sized physical demonstratives, the party seeking to use the demonstrative will provide, by electronic means, a color representation as a PDF of 8.5" x 11" copies of the exhibits.

38.     For each demonstrative that is based on a document or documents produced or exchanged in discovery in this litigation, each party shall disclose to the other party all documents that form the basis of the demonstrative, either: (a) on the face of the demonstrative; or (b) in a table or other writing provided at the time the demonstrative is exchanged with the other party.

39.     The parties agree that any changes to a demonstrative made after being provided to the opposing party will only be to font/format or to correct typographical errors and not edits of substance, unless made in response to and for the purpose of resolving an objection.  If a party otherwise changes a demonstrative after providing it to the opposing party, the party shall notify the opposing party of the changes prior to its use in open court.

40.     These provisions regarding demonstratives do not apply to demonstratives created by a testifying witness during that witness's testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use.  The party must, however, disclose any documents that form the basis of any such demonstrative.

41.     Demonstratives shall not be admitted into evidence.

**C.      Exhibits and Demonstratives for Opening Statements**

42.     By no later than 12:00 p.m. ET on the day before the opening statements, the parties shall exchange, by electronic mail, a list of any exhibits and copies of any demonstratives that they intend to use in their respective opening statements.  By no later than 4:00 p.m. ET that same day, the party receiving the list of exhibits and copies of demonstratives shall inform the other party of

any objections to such exhibits or demonstratives.  By no later than 6:00 p.m. ET that same day, the parties shall meet and confer to resolve any objections.  If good-faith efforts to resolve any objections fail, the objecting party shall raise any such objections with the Court before trial commences.

**D.      Exhibits and Demonstratives for Direct Examination**

43.      The parties agree to the schedule for disclosing and objecting to exhibits and demonstratives discussed below. *See infra* § VI(A).

**VI.    WITNESSES**

44.      NRT's list of fact and expert witnesses that may be called to testify at trial, including live or by deposition, is below.

       a.      Wendy Colosi (Live)

       b.      John Dominelli (Live)

       c.      Michael Dominelli (Live)

       d.      Chris Henderson (Live)

       e.      Steven Johnson (Deposition)

       f.      Juliet Lim (Deposition)

       g.      Mark Labay (Live)

       h.      Kevin LeMond (Deposition)

       i.      Gary Lindsay (Live, but for Rebuttal Only)

       j.      Christine S. Meyer, Ph.D. (Live)

       k.      Steve Pugliese (Deposition)

       l.      Cal J. Roskeland (Deposition)

       m.      Michael Rumbolz (Deposition)

       n.      Kirk Sanford (Live)

      o.     Michael I. Shamos, Ph.D. (Live)

      p.     David Shinsky (Deposition)

      q.     Darren Simmons (Live)

      r.     Randy Taylor (Deposition)

      s.     Mesa Whitehurst (Deposition)

45.     NRT reserves the right to call live or by previous deposition testimony any witness on this list or any witness on Everi's list of fact and expert witnesses.  By identifying a witness on this list, NRT does not represent that any such witness is available to appear for trial.  Nor does NRT commit to calling any of the following witnesses for trial.  NRT reserves the right to call witnesses not previously identified for rebuttal or impeachment.

46.     [**Everi's Objections**: Everi objects to NRT's identification of 19 witnesses as contrary to the Local Rules.  NRT will not call anywhere close to 19 witnesses during the time allotted for trial.  *See* L.R. 16.3(c)(7) (requiring NRT to provide a witness list with "[t]he names of all witnesses [NRT] intends to call to testify, [and] whether the witness will testify in person or by deposition").  Everi further objects to NRT presenting testimony from John Dominelli, Michael Dominelli, Diran Kludjian, or Rosa Laricchia by deposition designation.  *See* Fed. R. Civ. P. 32; Fed. R. Evid. 801–803.  These are witnesses that NRT presented, and represented, during depositions.  NRT has not made any showing that it is unable to procure these witnesses for trial, as required by Rule 32.  Everi also objects to NRT presenting testimony from any witness relating to theories of alleged fraud not pled in NRT's First Amended Complaint.  Everi further objects to any attempt by NRT to call Everi witnesses during NRT's case-in-chief.]

47.     Everi's list of fact and expert witnesses that may be called to testify at trial, including live or by deposition, is below:

    a.       Wendy Colosi (Live)

    b.       Sam Ditzion (Live)

    c.       Chris Henderson (Live)

    d.       Mark Labay (Live)

    e.       Alan Shampine (Live)

    f.       Darren Simmons (Live)

    g.       Steven Johnson (Deposition)

    h.       Darren Kludjian (Deposition)

    i.       Rosa Laricchia (Deposition)

    j.       Dean Lawrence (Deposition)

    k.       Jerry McCarley (Deposition)

    l.       Thomas McCarley (Deposition)

48.     Everi reserves the right to call live or by previous deposition testimony any witness on this list or any witness on NRT's list of fact and expert witnesses.  By identifying a witness on this list, Everi does not represent that any such witness is available to appear for trial.  Nor does Everi commit to calling any of the witnesses on its list for trial.  Everi reserves the right to call witnesses not previously identified for rebuttal or impeachment.

**A.    Live Witnesses**

49.     By 6:00 pm ET on September 14, 2022, NRT shall exchange its final witness list ("Final List of Trial Witnesses").  By 6:00 pm ET on September 16, 2022, Everi shall exchange its Final List of Trial Witnesses. For planning purposes, the parties will identify which witnesses they expect to testify live and which they expect to testify by deposition at that time.  The parties will also identify which witnesses it 'expects to call,' which witnesses it 'may call,' and which witness it 'expects not to call.'

50.     By no later than 6:30 p.m. ET two calendar days before the day on which any live witnesses are expected to testify, the offering party will provide to the other party via electronic mail the names and order of the witnesses that are expected to testify that day as well as a list of any exhibits and copies of any demonstratives they intend to use at trial for each witness.[2]  By no later than 6:30 p.m. ET the following calendar day, the party receiving the list of exhibits and copies of demonstratives shall inform the offering party of any objections to such exhibits or demonstratives.  By no later than 8:30 p.m. ET that same day (calendar or otherwise), the parties shall meet and confer to resolve any objections.  If good-faith efforts to resolve any objections fail, the objecting party shall raise any such objections with the Court before the next trial day commences, but in any event before any such witness that might utilize the objected-to exhibit or demonstrative will testify.

51.     A party is not required to provide advance notice of exhibits or demonstratives to be used during cross-examination.

52.     The foregoing does not abrogate the parties' obligations to comply with the submission of completed AO Form 187 or any other obligation concerning evidentiary or demonstrative disputes as set forth in Judge Noreika's Preferences and Procedures for Civil Cases.

53.     A party shall promptly provide notice—and in no event less than two calendar days—if for any reason it does not intend to call live a witness who is so identified on its Final List of Trial Witnesses.  In that event, each party may be allowed to offer deposition (including counter-designations) from such a witness subject to prior disclosure of designations, and subject

---

[2] For example, a party that expects to call live witnesses to testify on Wednesday, September 28, 2022, must identify the names and order of the witnesses that are expected to testify on that day by 6:30 PM ET on Monday, September 26, 2022, along with a list of any exhibits and copies of any demonstratives they intend to use with each such witness.

to the other party's objections to those designations, in accordance with the pretrial order and Judge Noreika's Preferences and Procedures for Civil Cases.

54.     Pursuant to Federal Rule of Evidence 615, the parties request that the Court prevent fact witnesses—other than witnesses who have already testified, been excused, and will not testify again—from hearing the testimony of other witnesses.   The parties further request that in accordance with provision (2)(b) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative.   The parties agree that expert witnesses shall not be sequestered.

55.     Except as permitted under Local Civil Rule 43.1 or by express permission of the Court, once tendered for cross-examination no witness shall communicate with counsel offering the witness on direct examination regarding the substance of the witness's testimony until cross-examination of that witness is concluded.   If the witness will be later called to the stand to testify during the trial, once the witness has completed his or her examination and leaves the stand, that witness can speak with counsel before and until the start of any later cross-examination.

56.     Each party will provide to the other side the name of its designated corporate representative by no later than 6:00 p.m. ET two calendar days prior to the first day of trial.

**B.     Deposition Designations**

57.     Each party may offer deposition testimony designated by the other party (whether as a designation or counter-designation), even if not separately listed on its own deposition designation list, subject to the limitations of the Federal Rules.   A party may utilize testimony identified as affirmative testimony as a counter-designation.   A party's affirmative or counter-designation shall not be an admission that the testimony is admissible if offered by the opposing party.

58.     Charts identifying deposition designations for NRT are attached hereto as **Exhibit 9**.  The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

59.     Charts identifying deposition designations for Everi are attached hereto as **Exhibit 10**.  The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

60.     The party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered from the previously exchanged designations by 6:30 p.m. ET at least six calendar days prior to the testimony being offered into the record.  A party may choose not to introduce deposition testimony designated in this Pretrial Order.  The party receiving the designations shall inform the opposing party of any objections and any specific pages and lines from that deposition to counter-designate by 6:30 p.m. ET five calendar days prior to the testimony being offered into the record.  To the extent necessary, the designating party will provide the opposing party with any objections to the opposing party's counter-designations and any counter-counter-designations by 6:30 p.m. ET four calendar days prior to the testimony being offered into the record.  The party receiving the counter-counter-designations will provide the opposing party with any objections to the counter-counter-designations by 6:30 pm ET three days before the testimony being offered into the record.  The parties will thereafter meet and confer by 8:30 p.m. that day to attempt to resolve any objections.

61.     In accordance with Judge Noreika's Preferences and Procedures for Civil Cases, if there are objections that remain to be resolved with respect to testimony by deposition, the party calling the witness by deposition shall, no later than two calendar days before the witness is to be called at trial, submit, on behalf of all parties:

a. a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and

b. a cover letter clearly identifying the pending objections as well as a brief indication (*i.e.*, no more than one sentence per objection) of the basis for the objection and the offering party's response to it.

62.    Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

63.    If a party designates deposition testimony, and the other party counter-designated deposition testimony, both the designation and the counter-designation will be played together. The party offering the testimony will play both the designated portion of the testimony and the opposing party's counter-designations, omitting objections or colloquy where appropriate. The party offering the testimony should play the testimony in the order in which it appears in the deposition transcript. The time for such designations shall be allocated to the party that made the designation or counter-designation, respectively. The parties shall provide the time to be charged to each party at the conclusion of the deposition designations being played.

64.    If an exhibit is introduced in a deposition designation, the exhibit may be moved into evidence if it is on a party's trial exhibit list, the offering party moves it into evidence, and it is not otherwise subject to objection or the Court overrules the objection. If an exhibit is referenced in a deposition designation played at trial and is in evidence, or is not objected to, or the Court has overruled any objections, the designating party may display the exhibit to the jury alongside the video and highlight or enlarge portions of the exhibit on the screen as if the exhibit was being shown to a live testifying witness.

65.    The parties agree that any deposition testimony to be used at trial may be used regardless of whether transcripts of such deposition have been signed and filed pursuant to Fed. R. Civ. P. 30(b).

66.    The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment or cross-examination of a witness. Any deposition testimony may be used at trial for the purpose of impeachment, subject to any objections and the limits of the Federal Rules, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

## VII.    STATEMENT OF COUNTERCLAIMANTS OR CROSS-CLAIMANTS

67.    Not Applicable

## VIII.    AMENDMENTS TO THE PLEADINGS

68.    Not Applicable

## IX.    GOOD FAITH EFFORT TO EXPLORE SETTLEMENT

69.    The matter was referred to Chief Magistrate Mary Pat Thynge on September 1, 2020 for the purpose of exploring alternative dispute resolution.  A telephonic mediation took place between the party principals and Judge Thynge on October 19, 2020.  (D.I. 49).  A further mediation was scheduled to take place virtually on October 15, 2021.  (D.I. 189).  Judge Thynge later determined—on October 14, 2021—given the present scheduling order that the mediation should be held on a later date.  A further mediation was scheduled to take place on March 16, 2022.  (D.I. 271).  On February 11, 2022, Judge Thynge cancelled the mediation.

70.    Judge Noreika ordered the parties to further mediation on June 23, 2022.  The parties advised the Court that they selected Judge Garrett E. Brown (Ret.) from the District of New Jersey as their mediator.  (D.I. 407).  The parties took part in a video mediation August 8, 2022.

71.     Since that date, Judge Brown has engaged in shuttle diplomacy between representatives of the parties.  Those efforts remain ongoing as of the date of submission of the Joint Pre-Trial Order.

72.     The parties hereby certify that they have undertaken a good-faith effort to explore resolution of the matter by settlement.

## X.     OTHER MATTERS

### A.     Pending *In Limine* Motions

73.     NRT's motions *in limine* are attached as **Exhibits 11–12**, each of which contain NRT's opening brief, Everi's opposition, and NRT's reply.  NRT's motions *in limine* are: (a) to preclude Everi from offering any new testimony on any Rule 30(b)(6) topics raised during deposition for facts existing prior to July 9, 1998; and (b) to preclude Everi from offering a denial as to the findings of the Arizona Department of Gaming Notice Letter.

74.     Everi's motions *in limine* are attached as **Exhibits 13–15**, each of which contain Everi's opening brief, NRT's opposition, and Everi's reply.  Everi's motions *in limine* are:

- Motion *In Limine* No. 1 To Preclude Reference To The ADOG Letter (Exhibit 13);

- Motion *In Limine* No. 2 To Preclude References To Prior Litigations Not Involving NRT (Exhibit 14); and

- Motion *In Limine* No. 3 To Preclude Evidence From Outside The Relevant Period (Exhibit 15).

### B.     Mode and Order of Presentation

75.     Per the Court's Preferences and Procedures for Civil Cases, examination of witnesses shall be limited to direct, cross, and redirect.  NRT will present its case-in-chief followed by Everi's defense.

### C.      Expert Testimony

76.     The parties agree that the Court should rule at trial on objections to expert testimony as outside the scope of prior expert disclosures.

### D.      Other Stipulations

77.     The parties agree that neither party will offer any evidence, testimony, opinions, or arguments regarding settlement communications between the parties pursuant to Fed. R. Evid. 408.

78.     In examining expert witnesses at trial, the parties agree that counsel is not permitted to inquire or elicit testimony about communications between experts and counsel or about draft reports or notes by the expert.

79.     The parties will not refer to or offer any evidence or argument regarding: the size or composition of the parties' trial teams, including outside counsel; employees of such counsel; trial consultants, jury consultants, or independent litigation support services personnel whom any party has retained for this case; and/or the use of mock trials, focus groups, or similar exercises.

### E.      Expected Duration of Trial

80.     [**NRT Position:** NRT believes that the issues in dispute, as narrowed pursuant to the procedure set forth above, should be set to be tried in seven (7) days with the time being divided equally between NRT and Everi.  This was the time previously agreed upon by the parties.  *See* D.I. 38 at ¶ 14.  This was time preliminarily ordered by the Court.  *See* D.I. 39 at ¶ 14.  NRT has prepared its case in accordance with that agreement and the preliminary order.]

81.     [**Everi Position:** Everi believes that the case can and should be tried in five (5) days, with the time divided equally between NRT and Everi.  Although the Court's scheduling order indicated seven (7) days for trial, the Court specifically added that "the actual number of trial days will be determined closer to trial."  D.I. 39 at ¶ 14.]

82.     The parties agree that to the extent one of the parties uses less than its allotted time, the other party shall not be permitted to use such time.

83.     Each side will have __ hours of trial time for opening statements, witness examinations, and evidentiary arguments, with no more than one hour allocated for closing arguments.

84.     The Courtroom Deputy will keep a running total of trial time used by counsel.

**F.      Voir Dire, Jury Instructions, Verdict Forms, and Jury Selection**

85.     The parties are separately submitting to the Court proposed voir dire, jury instructions, and verdict forms.

86.     There shall be eight jurors.  The Court will conduct jury selection through the "struck juror" method beginning with the Court reading voir dire to the jury panel in the courtroom, continued by meeting with jurors individually in chambers and there addressing any challenges for cause.  Selection will conclude with peremptory strikes in the courtroom.

87.     The parties may provide to each juror a jury notebook containing pictures of each testifying witness and such other evidence on which the parties agree.  The jury shall be permitted to take handwritten notes in these notebooks during the presentation of the parties.  The jury will be permitted to bring these notebooks and handwritten notes into the deliberation room.  Notebooks and handwritten notes will be collected each evening after the daily recess and destroyed without review after the jury's discharge.

**G.      Service of Documents**

88.     Service of all documents required under this Order shall occur by electronic mail to    nrt-everi@polsinelli.com    and    Everi-NRT@cov.com    and    apoff@ycst.com    and astombaugh@ycst.com or by FTP / Dropbox with notice provided to the foregoing addresses.

### H.      Courtroom Access

89.      The parties request the Court grant access to the courtroom in advance of trial for purpose of setting up electronic and computer devices.

90.      The parties request that the Court allow for a live video stream or, in the alternative, an audio stream of proceedings to be made available to trial team members not present in the Court room and at the parties' costs and expense.

## XI.      ORDER TO CONTROL THE COURSE OF ACTION

91.      This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

92.      The parties each agree that the other reserves their respective rights to propose modifications to this Order, including the exhibits thereto, based on subsequent rulings of the Court or for other good cause.

_/s/ Christina B. Vavala_
Christina B. Vavala (No. 6135)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
 (302) 252-0920
cvavala@polsinelli.com

_Of Counsel:_

Colby B. Springer
Miya Yusa
Melenie Van
**POLSINELLI LLP**
3 Embarcadero Center, Suite 2400
San Francisco, CA 94111
 (415) 248-2100
cspringer@polsinelli.com
myusa@polsinelli.com
mvan@polsinelli.com

Daniel D. Owen
Elizabeth M. Marden
**POLSINELLI PC**
900 W. 48th Place, Suite 900
Kansas City, MO 64112
 (816) 753-1000
dowen@polsinelli.com
lmarden@polsinelli.com

Mark T. Deming
**POLSINELLI PC**
150 N. Riverside Plaza, Suite 3000
Chicago, IL  60606
(312) 819-1900
mdeming@polsinelli.com

Jonathan R. Spivey
**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, TX  77002
(713) 374-1600
jspivey@polsinelli.com

_Counsel for Plaintiffs_

_/s/ Adam W. Poff_
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
**Young Conaway Stargatt & Taylor, LLP**
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6000
apoff@ycst.com
pkraman@ycst.com
astombaugh@ycst.com

_Of Counsel:_

Ashley E. Bass
R. Jason Fowler
John S. Playforth
Brandon Gould
COVINGTON & BURLING LLP
One CityCenter
850 10th Street NW
Washington, DC  20001-4956
(202) 662-6000

Heng Gong
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
(212) 841-1000

*NRT Technology Corp.*
*and NRT Technologies, Inc.*

**SO ORDERED this _____ day of September 2022.**

_____
United States District Judge