## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NRT TECHNOLOGY CORP. and<br>NRT TECHNOLOGIES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EVERI HOLDINGS INC. and<br>EVERI PAYMENTS INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 19-804 MN-SRF<br>)<br>)<br>)<br>)<br>) |

## EXHIBIT 3

## EVERI'S STATEMENT OF CONTESTED FACTS
## TO BE LITIGATED AT TRIAL

Everi submits this Statement of Contested Issues of Fact that Remain to be Litigated pursuant to Local Rule 16.3(c). The following statement is based on the parties' pleadings, documentary evidence, testimonial evidence, expert reports, expert testimony, and on Everi's understanding of NRT's claims, which have changed throughout the case. Everi reserves the right to supplement this statement if NRT seeks to introduce different arguments. This statement is further based on the current status of the case and the Court's rulings to date. Everi reserves the right to modify or supplement this statement in response to subsequent rulings by the Court. Should the Court determine that any issue identified below is more appropriately considered an issue of law, Everi incorporates any such issue by reference into its Statement of Issues of Law that Remain to be Litigated. To the extent the Court finds that Everi's Statement of Issues of Law that Remain to be Litigated contains an issue that the Court deems to be an issue of fact, that issue is incorporated herein by reference. By including a fact here, Everi does not assume the burden of proof or production with respect to that fact. Nor does Everi concede that any genuine dispute of fact exists with respect to any of the issues listed below.

## I. PATENTABILITY OF THE '792 PATENT

1. Whether NRT has proven by clear and convincing evidence that there was a false representation or deliberate omission of any fact that is but-for material to the patentability of the '792 patent.

2. Whether NRT has proven by clear and convincing evidence that any alleged false representation or deliberate omission of any fact that is but-for material to the patentability of the '792 patent was made with an intent to deceive the patent examiner.

3. Whether NRT has proven by clear and convincing evidence that any alleged false representation or deliberate omission of any fact that is but-for material to the patentability of the '792 patent was justifiably relied upon by the patent examiner in granting the '792 patent.

4. Whether NRT has proven by clear and convincing evidence that but for an alleged false representation or deliberate omission of any fact material to the patentability of the '792 patent, the '792 patent would not have been granted.

5. Whether NRT has proven by clear and convincing evidence that Everi maintained and enforced the '792 patent with knowledge of its alleged fraudulent procurement.

6. Whether NRT has proven by clear and convincing evidence that there was prior use of the patented technology by Everi more than one year prior to the filing of the '792 patent.

## II. SHAM LITIGATION

7. Whether NRT has proven by clear and convincing evidence that the patent infringement lawsuits Everi filed against NRT in 2015 were objectively baseless at the time they were filed such that no reasonable litigant could realistically expect success on their merits.

8. Whether NRT has proven by clear and convincing evidence that the patent infringement lawsuits Everi filed against NRT in 2015 were objectively baseless at the time they were filed due to clear and convincing evidence that Everi made false representations or deliberate omissions to the patent examiner of prior uses or prior art that were but-for material to the patentability of the '792 patent with an intent to deceive the patent examiner.

9. Whether NRT has proven by clear and convincing evidence that Everi employed a pattern or practice of filing serial sham litigations without regard to merit and for the purpose of using the governmental process to harm a market rival and restrain trade.

10. Whether NRT has proven by clear and convincing evidence that the patent infringement lawsuits Everi filed against NRT in 2015 were subjectively baseless such that they were an attempt to interfere directly with the business relationships of NRT at the time they were filed.

**III.   MONOPOLY POWER**

11. Whether NRT has proven that Everi possessed monopoly power in a properly defined antitrust market during the relevant period in which NRT alleges harm to competition.

12. Whether NRT has proven that there was a dangerous probability that Everi would achieve market power in a properly defined antitrust market during the relevant period in which NRT alleges harm to competition.

13. Whether NRT has proven that there is a relevant antitrust market for U.S. sales of integrated kiosks providing cash access services.

14. If NRT has proven that there is a relevant antitrust market for U.S. sales of integrated kiosks providing cash access, whether NRT has proven that Everi had monopoly power in said market.

15. Whether NRT has proven that there is direct evidence that Everi possessed monopoly power in a properly defined antitrust market during the relevant period, including any evidence that Everi charged supracomptitive prices or restricted output.

16. Whether NRT has proven that there is indirect evidence that Everi possessed monopoly power in a properly defined antitrust market during the relevant period, including any evidence that Everi maintained sufficiently high market shares in such a market.

17. Whether NRT has proven that there is indirect evidence that Everi possessed monopoly power in a properly defined antitrust market during the relevant period, including any evidence that there are significant barriers to entry and expansion in said market.

18. Whether NRT has proven that Everi possessed durable monopoly power in a properly defined antitrust market during the relevant period.

19. Whether NRT has proven that the '792 patent conferred monopoly power on Everi in a properly defined antitrust market during the relevant period.

## IV. ANTITRUST INJURY

20. Whether NRT has proven that Everi's patent or litigation conduct had anticompetitive effects on competition in a properly defined antitrust market during the relevant period.

21. Whether NRT has proven that Everi's patent or litigation conduct excluded any competitor in a properly defined antitrust market during the relevant period.

22. Whether NRT has proven that Everi's patent or litigation conduct caused a cognizable antitrust injury to any competitor in a properly defined antitrust market during the relevant period.

23. Whether NRT has proven that Everi's patent or litigation conduct caused any customer to choose Everi instead of NRT.

## V. DAMAGES

24. Whether NRT has proven that Everi's patent or litigation conduct caused NRT to suffer damages from lost customer sales or lost customer profits.

25. If NRT is determined to be entitled to lost profits, what is the proper amount of lost profits.

26. If Everi is determined to be liable for a Sherman Act violation, what is the appropriate amount of damages.

27. Whether NRT has proven that its estimates of lost profit damages are sufficiently reliable and/or sufficiently tied to any allegedly unlawful patent and litigation conduct.

28. Whether NRT has proven that it is entitled to damages for any period before Everi filed its patent infringement lawsuits against NRT in May 2015, and if so, what amount.

29. Whether NRT has proven that it is entitled to damages for any period after the '792 patent was declared invalid in March 2016, and if so, what amount.

30. If NRT is determined to be entitled to damages for any period after the '792 patent was declared invalid in March 2016, whether NRT has proven that it is entitled to damages for any period after the '792 patent's expiration date in January 2018, and if so, what amount.

31. Whether NRT has proven that it is entitled to attorneys' fees for any prior litigation, and if so, what amount.